UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALTIMETRIK CORP.,

      Plaintiff,

v.

                                  Case No. 18-11755
                                  Honorable Denise Page Hood

UNITED STATES CITIZENSHIP
AND IMMIGRATION SERVICES,

      Defendant.
_____/

## ORDER DENYING PLAINTIFF'S MOTIONS
## FOR SUMMARY JUDGMENT [ECF Nos. 11, 16] and
## DISMISSING PLAINTIFF'S CAUSE OF ACTION

Plaintiff Altimetrik Corporation ("Plaintiff") filed this lawsuit pursuant to the Administrative Procedure Act ("APA"), 5 U.S.C. § 702, against Defendant L. Francis Cissna, as Director of the United States Citizenship and Immigration Services ("Defendant" or "USCIS"). Plaintiff seeks judicial review of Defendant's decision to deny the five petitions for an H-1B visa Plaintiff had filed on behalf of: Arvind Elangovan, Arunshenbagaraj Manoharan, Ms. Pankhurree, Shriharsha Hudugur Shripathy, and Shishir Kumar Mijar. Plaintiff has filed two motions for summary judgment. [ECF Nos. 11, 16] For the reasons discussed below, the Court DENIES both of Plaintiff's motions and DISMISSES Plaintiff's cause of action.

## I. Background

Plaintiff is "an information technology 'professional services' organization, specializing in IT project management and solutions." Plaintiff originally filed this lawsuit on June 4, 2018, seeking review of the denials of an H-1B visa for each of five individuals. A brief description of the claim and process for each of the five individuals is set forth below.

### A. *Arvind Elangovan*

On April 3, 2017, Plaintiff filed an H-1B visa petition for Elangovan, one of its employees in India, for a full-time position as a Software Engineer. Defendant issued a Request for Evidence ("RFE") for this petition on July 20, 2017, and Plaintiff responded on or about October 17, 2017 with the following evidence: position description letter; employment agreement; contract agreements between Plaintiff and PayPal; statement of work between PayPal and Plaintiff; sample performance evaluation; organizational chart; an Employer's letter explaining why the proffered position is an entry Level I position (for Labor Condition Application) and why, even though it is an entry level position, it is still a specialty occupation for H-1B purposes; and an educational evaluation demonstrating that the beneficiary (Elangovan) holds the equivalent of a U.S. bachelor's degree in Computer Science.

On January 18, 2018, Defendant issued Plaintiff a Notice of Intent to Deny

("NOID"). In the NOID, Defendant raised evidence, which Plaintiff asserts was extraneous and in the form of unauthorized contact with Plaintiff's customer, PayPal. Defendant claimed that the beneficiary (Elangovan) was working on an oversees project which would not be extended, but Plaintiff states that this was not the subject of, or in any way related to, the petition presented to Defendant. Plaintiff's response to the NOID included: Contract Service Agreement between Plaintiff and PayPal, which replaced and updated the previous contract; Statement of Work for an ongoing project (People Analytics - to Build Workforce & Collaboration Platform) which was valid until March 16, 2018; Statement of Work for an ongoing project (Regulatory Platform Technology - Fircosoft Integration) which was valid until December 31, 2018; Statement of Work for an ongoing project (SALT - Project Goldfire) which was valid until December 31, 2018; and a confirmation letter from PayPal. On March 2, 2017, nearly a year after the application was filed, Defendant denied the petition for what Plaintiff argues was the arbitrary and capricious claim that Elangovan's position was not a specialty occupation and that there was no employee-employer relationship.

  B. *Arunshebagaraj Manoharan*

Plaintiff filed an H-1B petition to employ Manoharan on April 3, 2017. Manoharan was employed with Altimetrik India. USCIS issued an RFE regarding this petition on June 19, 2017, and Plaintiff responded on September 13, 2017 with the

following evidence: an employment agreement; expanded position description for the beneficiary; contract agreements for current, ongoing projects for Plaintiff's customers; documentation for Plaintiff's products; a lease agreement for Plaintiff's Rhode Island Office; Plaintiff's most recent tax return; photos of Plaintiff's Rhode Island office; an affidavit from Plaintiff demonstrating its regular, and consistent degree requirements for all Software Developer positions; and an education evaluation which demonstrates that the beneficiary holds the equivalent of a bachelor's degree in Computer Science. On February 22, 2018 Defendant denied the petition on the grounds that Plaintiff: (a) did not document "sufficient specialty occupation work for the beneficiary to perform throughout the requested validity period," and (b) had not established that it had "specialty occupation work available for the beneficiary."

C. Ms. Pankhurree[1]

On April 3, 2017 Plaintiff filed an H-1B petition for Pankhurree, another of its India employees, for a full-time position as a software engineer. Defendant issued an RFE on or about June 16, 2017, to which Plaintiff responded on September 6, 2017 with the following evidence: employment agreement; contract agreements for current, ongoing projects for Plaintiff's customers; documentation for Plaintiff's products; a lease agreement for Plaintiff's Rhode Island Office; Plaintiff's most recent tax return;

---

[1] Ms. Pankhuree is referred to by a single name in the petition and related materials.

photos of Plaintiff's Rhode Island office; educational evaluation to demonstrate that the beneficiary holds the equivalent of a U.S. bachelor's degree in Computer Science; and an affidavit from Plaintiff demonstrating its regular, and consistent degree requirements for all Software Developer positions. On February 22, 2018, Defendant denied the petition on the grounds that Plaintiff did not document "sufficient specialty occupation work for the beneficiary to perform throughout the requested validity period," Plaintiff had not established that it had "specialty occupation work available for the beneficiary," and the record did not establish that the beneficiary qualified for the specialty occupation.

D. *Shriharsha Hudugur Shripathy*

On April 3, 2017 Plaintiff filed an H-1B petition for Shriharsha Hudugur Shripathy for a full-time position as a Product Engineer. Defendant issued an RFE on or about October 17, 2017, to which Plaintiff responded on January 12, 2018 with the following evidence: employment agreement; contract agreements with Plaintiff's customers for ongoing projects; promotional material for Plaintiff's products; 2 recent tax returns for Plaintiff; expanded position description letter; an affidavit from Plaintiff which demonstrates Plaintiff's consistent business practice for requiring specific computer related degrees for all Software Developer positions; a statement from Plaintiff detailing why a Level 1 wage level wage was selected; organizational

5

chart which demonstrates the beneficiary's supervisory chain and confirms that this is an entry level position; and an educational evaluation demonstrating that the beneficiary foreign degree is the equivalent of a U.S. bachelor's degree in Information Science and Engineering.

On January 26, 2018, Defendant issued a NOID on the basis that Plaintiff's New Jersey office was a virtual location. Plaintiff responded on February 27, 2018 with evidence for Plaintiff's new office location in New Jersey and an explanation that, while the office location had changed, it was not a material change as the offices are a short distance apart and within the same metropolitan statistical area, and not a material change to the petition. On March 13, 2018, Defendant denied the petition, acknowledging that the office change was not material but concluding that no specialty occupation work was available for the beneficiary. Plaintiff argues that Defendant assumed – without any supporting facts and incorrectly – that the first office location was a virtual location and therefore could not have served as a viable work location.

E. *Shishir Kumar Mijar*

On April 3, 2017 Plaintiff filed an H-1B for Shishir Kumar Mijar, another employee from India, for a full-time position as a Software Developer. Defendant issued an RFE for this case on June 16, 2017, to which Plaintiff responded with the

6

following evidence: employment agreement; expanded position description; contract agreements for current, ongoing projects for Plaintiff's customers; documentation for Plaintiff's products; a lease agreement for Plaintiff's Rhode Island Office; Plaintiff's most recent tax return; photos of Plaintiff's Rhode Island office; an affidavit from Plaintiff demonstrating its regular and consistent degree requirements for all Software Developer positions; and an educational evaluation which demonstrates that the beneficiary holds the equivalent of a U.S. bachelor's degree in Computer Science. This petition was denied on February 7, 2018 on the basis that, because Plaintiff had not "established . . . a specialty occupation work available for the beneficiary, the evidence of record does not establish that the job offered qualifies as a specialty occupation."

F.   *Procedure*

The parties desired to treat the Elangovan petition individually and the other four petitions together. The Court separated the petitions accordingly for purposes of the summary judgment motions, but it did not create a new cause of action for the Elangovan petition. Plaintiff filed its first motion for summary judgment on November 10, 2018 [ECF No. 11 (Manoharan, Pankhurree, Shripathy, and Mijar)], and its second motion for summary judgment on December 7, 2018 [ECF No. 16 (Elangovan)]. For each motion, Defendant filed a response, Plaintiff filed a reply, and

Defendant filed a sur-reply. The Court heard oral arguments on the motion on May 1, 2019.

**II.    Standard of Review**

When a federal court is reviewing final agency action, the usual rules and standards governing summary judgment do not apply. *See Alexander v. Merit Sys. Prot. Bd.*, 165 F.3d 474, 480-81 (6th Cir. 1999); *Integrity Gymnastics & Pure Power Cheerleading, LLC v. U.S. Citizenship & Immigration Servs.*, 131 F. Supp. 3d 721, 725 (S.D. Ohio 2015). Summary judgment simply "'serves as the mechanism for deciding, as a matter of law, whether an agency action is supported by the administrative record and is otherwise consistent with the APA standard of review.'" *Singh v. Johnson*, No. 15-cv-12957, 2016 U.S. Dist. LEXIS 82890, at *7 (E.D. Mich. June 27, 2016) (quoting *Resolute Forest Prods., Inc. v. U.S. Dep't of Agric.*, 187 F. Supp. 3d 100, 106 (D.D.C. 2016)).

Under the APA, the federal courts may "hold unlawful and set aside agency action, findings, and conclusions found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A); *see also Simms v. Nat'l Highway Traffic Safety Admin.*, 45 F.3d 999, 1003 (6th Cir. 1995). "[T]he reviewing court may not substitute its judgment for that of the agency even if the court may disagree with the agency's decision." *Fast Gear Distrib., Inc. v.*

*Rodriquez*, 116 F.Supp.3d 839, 844 (E.D. Mich. 2015) citing *Marsh v. Oregon Nat. Res. Council*, 490 U.S. 360, 376 (1989); *Simms*, 45 F.3d at 1003.

The reviewing court must base its review on the administrative record and may not consider any new evidence. *Alexander*, 165 F.3d at 481. The agency action may be reversed only

> if the agency has relied on factors which Congress has not intended it to consider, entirely failed to consider an important aspect of the problem, offered an explanation for its decision that runs counter to the evidence before the agency, or is so implausible that it could not be ascribed to a difference in view of the product of agency expertise.

*Simms*, 45 F.3d at 1004 (quoting *Motor Vehicle Mfrs. Ass'n of the U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983)). An agency's factual findings are reviewed under the substantial evidence standard. *See Steeltech, Ltd. v. U.S. Envtl. Prot. Agency*, 273 F.3d 652, 657 (6th Cir. 2001). Under this standard, review of an agency's "factual determinations is limited to determining whether those determinations are supported by substantial evidence on the record as a whole – not whether there was substantial evidence in the record for a result other than that arrived at by the [agency]." *Id*. In the immigration context, a particular agency finding "can be reversed only if a reasonable factfinder would have to reach another conclusion," or "if the evidence compels a conclusion other than the one the agency reached." *Smith v. Chater*, 99 F.3d 780, 782 n.3 (6th Cir. 1996) (citing *Immigration and*

9

*Naturalization Serv. v. Elias-Zacarias*, 502 U.S. 478, 481 (1992)).

**III.    Analysis**

The Court notes that each party's arguments do not directly address the other party's arguments. Plaintiff's arguments are focused on how and why the five petitions should have been approved based on the four-prong specialty occupation analysis. Defendant claims that the Court need not reach the specialty occupation analysis with respect to these five petitions. Defendant argues that Plaintiff never provided "sufficient, relevant, probative and credible evidence to establish that the beneficiaries would actually be employed in a specialty occupation."

   *A.    Applicable Law and Regulations*

The H-1B employment visa permits a non-immigrant to be admitted into the United States "to perform services . . . in a specialty occupation described in section [1184(i)(1)]." 8 U.S.C. § 1101(a)(15)(H)(i)(b). In order to qualify for an H-1B visa, "the petitioning employer and the alien beneficiary must satisfy a two-prong test: '(1) the position that the alien seeks to occupy must qualify as a specialty occupation; and (2) the alien must [] be qualified to perform services in said occupation.'" *EG Enterprises. v. Dep't of Homeland Sec.*, 467 F. Supp. 2d 728, 734 (E.D. Mich. 2006) (quoting *Shanti, Inc. v. Reno*, 36 F. Supp. 2d 1151, 1153 (D. Minn. 1999)). The burden of proof is on the employer and the non-immigrant to prove both prongs of the

test. *Id.* at 734 (citing 8 U.S.C. § 1361).

A "specialty occupation" is one requiring "(A) theoretical and practical application of a body of highly specialized knowledge, and (B) attainment of a bachelor's or higher degree in the specific specialty (or its equivalent) as a minimum for entry into the occupation in the United States." 8 U.S.C. § 1184(i)(1). The Code of Federal Regulations further states that a

> specialty occupation means an occupation which requires theoretical and practical application of a body of highly specialized knowledge in fields of human endeavor including, but not limited to, architecture, engineering, mathematics, physical sciences, social sciences, medicine and health, education, business specialties, accounting, law, theology, and the arts, and which requires the attainment of a bachelor's degree or higher in a specific specialty, or its equivalent, as a minimum for entry into the occupation in the United States.

8 C.F.R. § 214.2(h)(4)(ii). Because this list is non-exhaustive, Defendant has set forth four criteria, of which one must be satisfied to qualify as a "specialty occupation:"

> (1) A baccalaureate or higher degree or its equivalent is normally the minimum requirement for entry into the particular position; (2) The degree requirement is common to the industry in parallel positions among similar organizations or, in the alternative, an employer may show that its particular position is so complex or unique that it can be performed only by an individual with a degree; (3) The employer normally requires a degree or its equivalent for the position; or (4) The nature of the specific duties are so specialized and complex that knowledge required to perform the duties is usually associated with the attainment of a baccalaureate or higher degree. 8 C.F.R. § 214.2(h)(4)(iii)(A).

B.     *Elangovan*

11

Plaintiff complains that Defendant referred to and relied heavily on improper communications with PayPal with respect to both the NOID and the final decision regarding Elangovan. Plaintiff contends that Defendant's decision focused on the wrong project and ignores that Plaintiff and PayPal have an extensive relationship both in India and the United States, as evidenced by several Statements of Work, a letter from PayPal confirming the parties relationship, all of which Plaintiff submitted in support of Elangovan's petition. Plaintiff argues that Defendant arbitrarily failed to apply the plain language of the statute and regulations defining a specialty occupation and arbitrarily and capriciously disregarded the job description provided by Plaintiff. Plaintiff states that it directed, managed, and controlled the project, as evidenced by the documents it submitted in support of the petition. Plaintiff also challenges Defendant's "arbitrary" determination that Plaintiff did not have an employee-employer relationship with Elangovan. Plaintiff asserts that Defendant also failed to apply the proper standard of proof (the preponderance standard), resulting in a decision that is contrary to the facts.

Defendant contends that the evidence provided by Plaintiff was insufficient to prove that the existence of the position Plaintiff claimed Elangovan would hold. Plaintiff told Defendant that Elangovan would be working on one specific project (the "PayPal Seller Risk Management" project, *see* ECF No. 10, PgID 1746), but there is

no evidence in the record that project existed (or, by extension, that a specialty occupation position for Elangovan existed on that project). Plaintiff does not address – in its motion and brief or in its reply brief – Defendant's focus on the absence of any documentation from Plaintiff that showed the existence of the PayPal Seller Risk Management project upon which Plaintiff's petition indicates Elangovan would work.

Plaintiff did provide Defendant with a master services agreement with PayPal and numerous Statements of Work in conjunction with Elangovan's petition. Plaintiff suggests that it could use any of those projects to provide Elangovan with special occupation work, but Plaintiff does not identify that Elangovan would be working on any of those projects. Accordingly, the Court finds that there was substantial evidence for Defendant to reasonably conclude that there was no evidence of a Software Engineer position to be filled by Elangovan on those projects.

C. *Manoharan, Pankhurree, Shripathy, and Mijar*

As to these four individuals, Plaintiff states that Defendant denied their petitions after Defendant failed to apply the plain language of the statute and regulations defining the terms "specialty occupation" and "specialty occupation position." Plaintiff contends that a simple reading of the regulations, specifically 8 C.F.R. § 214.2(h)(4)(ii), reveals that a Software Engineer" is a specialty occupation and each of the petitions is based on a beneficiary who holds a bachelor's degree in

one of the fields in that regulation (namely, "engineers" or "sciences"). Plaintiff asserts that Defendant failed to apply the proper standard of proof (the preponderance standard) with respect to the ongoing projects at its New Jersey and Rhode Island offices and the specialty occupation positions Plaintiff had, resulting in a decision that is contrary to the facts. Plaintiff argues that it submitted evidence to demonstrate specialty occupation work for all four individuals. Plaintiff believes Defendant discounted that evidence and failed to properly consider the nature of Plaintiff's business (software development) and the contracts Plaintiff had secured regarding its projects, "all [of which were] valid and ongoing at the time of filing." And, Plaintiff contends that Defendant systematically ignored and discounted all of the evidence provided by Plaintiff related to Plaintiff's business locations in both New Jersey and Rhode Island, especially because Defendant focused on the first New Jersey office being what Defendant considered a "virtual location." Plaintiff asserts that both locations are physical office spaces.

Defendant states that it denied these four visa petitions because Plaintiff represented that the employee in question was being hired to work on a specific project or in a specific position but then Plaintiff failed to submit any evidence showing the projects or positions existed. Specifically, Defendant asserts that: (1) Plaintiff failed to produce a list of specific duties or sufficient evidence to establish

the availability of work; and (2) Plaintiff did not submit evidence that the applicable beneficiary would be working on the project at which the beneficiary purportedly would be working. Defendant asserts that nothing submitted by Plaintiff connected the identified proposed positions to the projects on which they were to work, such that the specialty occupation test could be satisfied.

The Court agrees with Defendant. With respect to Manoharan and Pankhurree, Plaintiff claimed that those individuals would be assigned to the "DC Tech Refresh" project. The Court finds that none of the evidence or documents submitted by Plaintiff discusses that project or the specific duties of what a Software Developer would do on that project.

With respect to Shripathy, Plaintiff claimed that Shripathy would be a Product Engineer, but the Court finds that Plaintiff did not specify the duties of that position or how, when, and where those duties would be performed. The Court also finds that no evidence was submitted by Plaintiff that shows that the Product Engineer position was necessary or associated with any of the projects or agreements submitted with Shripathy's petition.

As to Mijar, Plaintiff claimed that he would be assigned to the "Data Visualization Solution" project. The Court concludes that Plaintiff failed to provide evidence or documentation discussing that project or the specific duties of what a

15

Software Developer would do on that project. As Defendant argues, Plaintiff did not respond to Defendant's argument that Plaintiff failed to connect each individual's proposed position with the project at which he or she allegedly was to work.

Plaintiff claims, and the record supports, that it submitted lists of job duties associated with the specialty occupation positions the individuals were to fill. But, listing job duties corresponding with a specialty position is not enough to meet the evidentiary burden, *see, e.g., Tianhai Elec. N. Am., Inc. v. Johnson*, 2015 WL 12731911, at *3 (E.D. Mich. Dec. 8, 2015); *Shah Ghazi Investments, Inc. v. Renaud*, 2010 WL 11531094, at *4 (E.D. Tex. July 23, 2010), nor is the word of a human resources professional or other company official alone sufficient evidence to establish a specialty occupation. *See, e.g., DEP-Autoline, Inc. v. Napolitano*, 2014 WL 12573669, at *4 (C.D. Cal. Oct. 23, 2014). An employer like Plaintiff "cannot simply state that it will employ an individual to perform duties that are characteristic of [a Software Developer] in order to obtain a visa." *Fast Gear*, 116 F.Supp.3d at 846. Plaintiff also must prove both that the position is characteristic of a Software Developer, and that it is making the offer of employment because it has a business need for such a position. *Id.*; *see also Shah Ghazi*, 2010 WL 11531094, at *4.

Plaintiff also relies on the undisputed fact that it has numerous ongoing projects on which any of the individuals could perform work in a specialty occupation

16

position. But, the fact Plaintiff has some ongoing projects is irrelevant unless the beneficiaries are actually working on those projects. In the petitions it submitted, Plaintiff did not link the beneficiaries to the contracts and statements of work it claimed the beneficiaries would perform. Plaintiff also failed to submit any evidence showing that those projects actually existed as non-speculative work. As it pertains to the petitions related to Manoharan, Pankhurree and Mijar, Plaintiff failed to establish that the projects identified required the services of a Software Engineer or Software Developer.

Because Plaintiff has not established for each of these four individuals that there is a position connected to the project on which the he or she allegedly was to work, Defendant had no reason to make a determination of whether the position constituted a specialty occupation position.

D. *Substantial Evidence*

The Court notex that Plaintiff's arguments appear to have been premised on an erroneous standard of review. Plaintiff states that its arguments "will show that substantial evidence supports Plaintiff's petitions." [ECF No. 11, PgID 1857; ECF No. 16, PgID 1930] But, as noted above, the Court's review of this matter must be based only on whether the Defendant's ruling is supported by substantial evidence. *See, e.g., Steeltech,*, 273 F.3d at 657. It is irrelevant that substantial evidence also might

support Plaintiff's position(s), *id.*, because Defendant's conclusions "can be reversed only if a reasonable factfinder would have to reach another conclusion" or "if the evidence compels a conclusion other than the one the agency reached." *Smith v. Chater*, 99 F.3d at 782 n.3; *Elias-Zacarias*, 502 U.S. at 481. For the reasons stated above, the Court concludes that substantial evidence in the records supports Defendant's rulings on all five petitions. For that reason, Plaintiff's motions for summary judgment are denied and its cause of action dismissed.

## IV. Conclusion

For the reasons set forth above,

IT IS ORDERED that Plaintiff's Motions for Summary Judgment [ECF Nos. 11, 16] **DENIED** and this case is **DISMISSED.**

IT IS ORDERED.

                                         s/Denise Page Hood
                                         Denise Page Hood
Dated: September 30, 2019        United States District Judge